(59 App. Div. 378.)

PILKEY v. HARROWER.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

MASTER AND SERVANT—SAFE PLACE TO WORK—NEGLIGENCE—QUESTION FOR JURY.

A scaffolding fastened to the wall, on which a board was laid, was built over the machine at which plaintiff worked in defendant's factory, and plaintiff noticed that the board moved from the jar of the machinery, and moved it back to keep it from dropping on her, and informed the foreman, who put a nail in the board, and told her that it could not fall. A few days afterwards the board fell on the plaintiff, injuring her. *Held*, it was error to sustain defendant's motion for a nonsuit at the close of plaintiff's evidence.

Appeal from trial term, Montgomery county.

Action by Jane Pilkey against Lewis E. Harrower. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

H. V. Borst, for appellant.

Edward P. White, for respondent.

CHASE, J. The plaintiff was an employé in the defendant's knitting mill. Her work was seaming wrappers, and in performing that work she was seated at a table in front of a seaming machine, which was run by power that came from a shaft overhead. When she came to her work on Monday morning before the accident, she found that a temporary scaffolding had been erected by the defendant for the purpose of putting up or fixing shafting over the place where she worked. There was a row of posts extending through the center of the room, which were about 10 feet apart, and to each of these posts was fastened one end of a bracket, and the other end of the bracket was fastened to pieces that went up to the timbers overhead. These brackets were boards 1 inch thick and about 3 to 5 inches wide. Upon these brackets were laid planks, the one over plaintiff being about 12 or 14 feet long, $2\frac{1}{2}$ inches thick, and $1\frac{1}{2}$ feet wide, and it had no center bracket under it. All of the other planks were longer, and had center brackets under them. The jarring of the machinery in the mill kept the plank, that subsequently fell, moving to plaintiff's right. Plaintiff got up on a chair twice, and pulled the plank over so that it would not fall on her. The foreman then came in the room, and the plaintiff called his attention to the plank. She said to him, "That plank over my head is loose,—not nailed,—and I want you to take it away or fasten it." He said, "That plank can't fall." She said, "It can, for I have got up twice and pulled it over this morning." He said, "That can't fall." He went away and got a hammer and nail to fasten it, and when he returned he reached up from the floor as far as he could, and plaintiff heard him pounding where the plank rested on the bracket. The plaintiff then continued her work under the plank, and did not pay any further attention to it. Men were at work on the scaffold, passing back and forth, each day from Monday until Saturday. On Saturday morning the left end of the plank slipped off the bracket and fell, and plaintiff was injured. This plank was in no way connected with the manufacture of goods in the mill. At the close of plaintiff's evidence, the trial court granted the defendant's motion for nonsuit.

It is conceded that the defendant was required to furnish and maintain for plaintiff a reasonably safe place to work, and that the foreman in what he did represented the defendant. In view of the testimony that the plank was so placed on thin board brackets at each end of the plank only, and in such a way, that the jar of the mill caused the plank to move to the right, and that the same would necessarily have fallen if not in some way prevented, and that the same, after an attempt to fasten it by one nail, actually did fall, when no one was on it, and by the end slipping off the bracket in the same way that it had slipped before, presented a question of fact as to the defendant's negligence that should have been presented to the jury.

Judgment reversed, and a new trial granted, costs to appellant to abide the event. All concur.